# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ANDERSON; ELISE J. ANDERSON,<br><br>                              Plaintiffs,<br><br>   vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                              Defendants. | CASE NO. 10 CV 2216 MMA (AJB)<br><br>**ORDER:**<br><br>**DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2]<br><br>**DENYING REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>[Doc. No. 3] |

   On October 26, 2010 plaintiffs Lisa Anderson and her daughter Elise J. Anderson filed a *pro se* complaint alleging "discrimination by public social services." [Doc. No. 1.] Only Lisa Anderson signed the complaint. Along with the complaint, Lisa also submitted a motion to proceed *in forma pauperis* ("IFP") [Doc. No. 2], and a request for appointment of counsel [Doc. No. 3]. Plaintiff Elise did not submit a request to proceed IFP, nor did she join Lisa's request for appointment of counsel.[1]

   All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only

---

[1] Elise is not a minor. [*See Complaint*, Doc. No. 1, p.2 at ¶a and p.3 at ¶1.]

1  if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See*
2  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a
3  privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). In addition, although
4  only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma*
5  *pauperis*, each plaintiff must qualify for IFP status.

6  In Plaintiff Lisa's IFP affidavit, she states that she is unemployed and currently receives
7  social security benefits in the amount of $929 per month. [Doc. No. 2.] Lisa asserts she does not
8  have any assets or other sources of income, and lists student loan debt of $4,000. [*Id*.] Although
9  not part of her IFP motion, the Court notes that Lisa indicates she pays $560 per month for rent in
10 her request for appointment of counsel. [Doc. No. 3.]

11 A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I.*
12 *DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must
13 be employed to assure that federal funds are not squandered to underwrite, at public expense,
14 either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in
15 material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).
16 The affidavit submitted by Lisa in support of her motion to proceed IFP does not demonstrate that
17 she lacks the financial resources or assets to pay the costs of commencing this action.

18 Lisa states in her affidavit that she receives $929 per month in social security benefits.
19 Lisa identifies a debt obligation of $4,000 in student loans, but she does not indicate how much
20 she pays toward this debt (if anything) per month. In addition, Lisa's request for appointment of
21 counsel states she pays $560 per month for rent, but this information is not included in her motion
22 to proceed IFP. The Court finds that Lisa's pending IFP motion does not present a full and
23 accurate picture of her financial status. Accordingly, the Court cannot determine if Lisa is
24 indigent within the meaning of the IFP statute and therefore **DENIES** her motion to proceed IFP
25 without prejudice.

26 If Lisa wishes to proceed with this action, she must file an amended complaint and pay the
27 $350 filing fee, or submit a renewed motion to proceed *in forma pauperis*, on or before ***November***
28 ***16, 2010***. If Plaintiff Elise intends to represent herself in this action, she must file her own motion

1  to proceed *in forma pauperis* and sign the amended complaint on her own behalf, on or before
2  **<u>November 16, 2010</u>**.[2]
3       Lastly, as indicated above, Lisa also submitted a request for appointment of counsel.  In
4  light of the dismissal of Plaintiffs' complaint, the Court **DENIES** this request as moot.
5       **IT IS SO ORDERED.**
6
7  DATED: October 27, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge

---

[2] As a non-attorney, Plaintiff Lisa may appear *pro se* on her own behalf, but she has no authority to appear as an attorney for others than herself. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).