|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| LISA ANDERSON, | CASE NO. 10 CV 2216 MMA (AJB) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* |
| vs. | [Doc. No. 7] |
| STATE OF CALIFORNIA, et al., |   |
| Defendants. |   |

On October 26, 2010 plaintiffs Lisa Anderson and her daughter Elise J. Anderson filed a *pro se* complaint alleging "discrimination by public social services." [Doc. No. 1.] Only Lisa Anderson signed the complaint. Along with the complaint, Lisa also submitted a motion to proceed *in forma pauperis* ("IFP") [Doc. No. 2], and a request for appointment of counsel [Doc. No. 3]. Plaintiff Elise did not submit a request to proceed IFP, nor did she join Lisa's request for appointment of counsel.[1] Upon review, the Court concluded Plaintiff Lisa's IFP motion was incomplete and therefore denied her request to proceed IFP without prejudice. [Doc. No. 4.] In the same order, the Court denied Plaintiff Lisa's request for appointment of counsel. [*Id*.] The Court further informed Plaintiff Lisa that although she is able to appear *pro se* on her own behalf, she has no authority to appear as an attorney for her asserted co-plaintiff Elise. [*Id.* citing, *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).]

---

[1] Elise is not a minor. [*See Complaint*, Doc. No. 1, p.2 at ¶a and p.3 at ¶1.]

- 1 - 10cv2216

On November 16, 2010, Plaintiff Lisa filed a first amended complaint [Doc. No. 6] and a renewed motion for leave to proceed IFP [Doc. No. 7]. Lisa's daughter Elise is not named as a plaintiff in the amended complaint.

### REQUEST TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In Plaintiff Lisa's renewed IFP affidavit, she again states that she is unemployed and currently receives social security benefits in the amount of $929 per month. [Doc. No. 7.] Lisa asserts she does not have any assets or other sources of income, and identifies the following debt obligations: "a 1996 student loan"; $560 per month for rent; and $75 per month for storage. [*Id*.]

A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The affidavit submitted by Lisa in support of her motion to proceed IFP does not demonstrate that she lacks the financial resources or assets to pay the cost of commencing this action.

As indicated above, Lisa states in her affidavit that she receives $929 per month in social security benefits, and identifies monthly payment obligations totaling $635. Although Plaintiff appears to have limited financial resources, the information provided in the IFP indicates she has a surplus of approximately $300 per month in funds that could be available to pay the required filing fee. Accordingly, based on the information contained in Plaintiff's IFP, the Court finds that Plaintiff is not indigent within the meaning of the IFP statute and **DENIES** her request to proceed IFP without prejudice.

If Plaintiff wishes to proceed with this action, she must pay the required $350 filing fee <u>or</u> submit an amended motion to proceed IFP that accurately identifies all of her monthly financial obligations and demonstrates that she lacks the resources to pay the cost of commencing this action, no later than ***<u>January 10, 2011</u>***.  If Plaintiff does not pay the required filing fee or submit an amended motion to proceed IFP by the above date, her case will be subject to dismissal.

**IT IS SO ORDERED.**

DATED:  December 6, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge